USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/11/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TYRELL WARD,

                        Plaintiff,

-v-

K. CROWLEY,

                        Defendant.

16 Civ. 4962 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

*Pro se* petitioner Tyrell Ward, currently incarcerated at the Southport Correctional Facility,[1] seeks a writ of habeas corpus as authorized by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. Before this Court is the July 5, 2018 Report and Recommendation of the Hon. Stewart D. Aaron, United States Magistrate Judge, ("Report"), recommending that the Court deny Ward's petition in its entirety. Dkt. 15. For the reasons that follow, the Court adopts this recommendation with one small modification.

I. **Background**

The Court incorporates by reference the summary of the facts and procedural history provided in the Report. *See* Report 2–14. On June 27, 2016, Ward petitioned this court for a writ of habeas corpus. Dkt. 1. On February 24, 2017, the defendant filed his opposition to Ward's petition. On July 5, 2018, Judge Aaron filed his Report recommending that the Court deny Ward's petition. Ward has, to date, filed no objections.

---

[1] At the time of the filing of this action, Ward was confined at the Orleans Correctional Facility, where K. Crowley was Superintendent. *See* Petition, Dkt. 1 ("Pet.").

1

## II. Discussion

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As neither party has submitted objections to the Report, review for clear error is appropriate. Upon careful review of Judge Aaron's well-reasoned and thorough Report, the Court modifies the Report *sua sponte* in one minor respect, and otherwise adopts the Report in full.

In his petition, Ward claims, among other things, that a post-lineup statement that he made was wrongly admitted at trial because, during the lineup, he had invoked his right to counsel. That invocation, he argues, barred any further custodial interrogation in the absence of counsel. Pet. at 5. During the lineup in question, Ward complained that one of the individuals in the lineup was substantially taller than he was, saying "this isn't fair. I want my lawyer, I want a lawyer." Dkt. 11-9 at 53–54. After a detective addressed Ward's complaint, Ward became "calm" and did not subsequently mention a lawyer. *Id.* at 54. Based on these events, the state court determined that Ward's right to counsel had not been violated because his statement, viewed in context, challenged only the narrow issue of the configuration of the lineup, and could not reasonably be construed to express a desire, more broadly, for the aid of an attorney. Dkt.

11-2 at 159. The Report concludes that the state court "[c]orrectly" held that Ward did not invoke his right to counsel at the lineup. Report at 16.

Under AEDPA, the Court may grant habeas relief only if the state court's adjudication of a claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court; or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254 (d)(1)–(2). Thus, the question before this Court is whether the state court's determination of the facts and application of law was reasonable, rather than whether it was assuredly correct. While this Court is unprepared to find the state court's holding necessarily correct, the Court, having reviewed the record and the state court's decision, and in light of AEDPA's deferential standard, is satisfied that the state court reasonably held that Ward's right to counsel was not violated.

With this small modification, the Report is otherwise adopted in its entirety. Because the Report explicitly states that a failure to object within 14 days will result in the waiver of objections and preclude appellate review, Report at 24, both parties' failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the foregoing reasons, the Court denies plaintiff's petition. The Court respectfully directs the Clerk to mail a copy of this decision to plaintiff at the address on file.

SO ORDERED.

                                                            *Paul A. Engelmayer*
                                                            Paul A. Engelmayer
                                                            United States District Judge

Dated: September 10, 2018
       New York, New York